# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JAMAR L. WILLIAMS,

    Plaintiff,

v.                                        Case No. 5:23-cv-185-TKW/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Jamar L. William's first amended complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

## I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC"). His inmate number is "E13909." On July 10, 2023, Plaintiff filed a handwritten document purporting to be a complaint. Doc. 1. Because

Page 1 of 12

the complaint was not on the court-approved formed, the undersigned directed Plaintiff to file a first amended complaint. Doc. 3.

On September 13, 2023, Plaintiff filed his first amended complaint. Doc. 5. Although Plaintiff named several Defendants, his allegations concern only Aaron Martinez. Specifically, Plaintiff alleges that on or about July 6, 2021, Martinez violated the Eighth Amendment and Fourteenth Amendment when he "attacked" Plaintiff. *Id.* at 1, 3, 5.

## II. DISCUSSION

### A. <u>Screening of Plaintiff's Complaint</u>

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*,

888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023).

## B. Plaintiff's Disclosures

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 5 at 8. Specifically, the complaint form states:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

*Id.* The complaint form then asks three questions:

    A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any question, then the plaintiff must disclose each case. *Id.*

Plaintiff responded, "No" to each of the questions on the complaint form and did not disclose any cases. *Id.*

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12–13. Thus, at the time Plaintiff signed his complaint, he asserted that he previously had never filed any federal civil actions.

C. **Plaintiff's Omission**

The undersigned takes judicial notice that when Plaintiff filed his complaint, he failed to disclose that he had filed a petition under 28 U.S.C. § 2254 challenging his conviction: *Williams v. Sec'y, Dep't of Corr.*,

No. 6:19-cv-440-GKS-CJK (M.D. Fla. Feb. 27, 2019).[1] This case is attributable to Plaintiff insofar as it bears his FDC inmate number "E13909." This case was responsive to Question C on the complaint form. Because he failed to disclose this case, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't Corr.*, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (*pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

**D.     The Materiality of Plaintiff's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have

"a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior federal cases including habeas cases. Doc. 5 at 8, 10. The complaint form expressly warns prisoners: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to . . . habeas cases . . .—may result in dismissal of this case.***" *Id.* at 8.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward, easily understandable, and did not require a legal education to answer. *Daniels v. Culpepper*, No. 22-12805, ECF No. 9 at 3 (11th Cir. Apr. 12, 2023); *Kendrick*, 2022 WL 2388425, at *3.

To the extent he could not remember fully his litigation history or was unsure whether to disclose his habeas case, Plaintiff could have indicated that on the complaint form. *See* Doc. 5 at 8 (advising prisoners to err on the side of disclosure). He did not. Rather, he affirmatively represented that he had never filed a prior federal civil action.

Further, Plaintiff "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases." *Mathews v. Westly*, No. 5:22-cv-85-TKW-MJF, Order Adopting Report and Recommendation, ECF No. 24 at 2 (N.D. Fla. Nov. 10, 2022). If he did not have the relevant information to answer each question truthfully and honestly, Plaintiff could have (and should have) "request[ed] it from the appropriate clerks' offices before filing a new case." *Id.* (quoting *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022)); *see also* Fed. R. Civ. P. 11(a) (requiring a party to make a good faith investigation for any allegations or statements contained in pleadings filed with the court). "[I]t would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of

resources provided by the jail or prison." *Mathews*, No. 5:22-cv-85-TKW-MJF, Order Adopting Report and Recommendation, ECF No. 24 at 3.

In short, there is no justification for Plaintiff's failure to disclose this case. Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

**E.     The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. Because the actions complained of in the complaint occurred on July 6, 2021, Florida's four-

year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

Furthermore, no lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that he should have disclosed). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2.  Order the clerk of the court to close this case.

At Pensacola, Florida, this 21st day of November, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-**

**to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**